IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| GOSPEL LIGHT ERITREAN, BAPTIST CHURCH, | § § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No. 3:23-CV-1971-N |
| THE OHIO CASUALTY INSURANCE COMPANY, *et al.*, | § § § § | |
| Defendants. | § § | |

# MEMORANDUM OPINION & ORDER

This Order addresses Defendant Farmers General Insurance Agency, Inc.'s ("Farmers General") motion to dismiss [6]. Because Plaintiff Gospel Light Eritrean, Baptist Church ("Gospel Light") has failed to plead facts sufficient to state a claim for violation of the Texas Deceptive Trade Practices Act ("DTPA"), violation of the Texas Insurance Code ("TIC"), negligent misrepresentation, or breach of fiduciary duty, the Court grants the motion as to those claims. However, the Court determines Gospel Light has stated a claim for negligence and denies the motion with respect to that claim. Additionally, the Court grants Gospel Light leave to amend its complaint.

## I. THE INSURANCE DISPUTE

This case arises out of an insurance coverage dispute regarding Gospel Light's property. Gospel Light's property is covered by a commercial property insurance policy provided by The Ohio Casualty Insurance Company ("OCIC"), which Gospel Light

purchased through Farmers General.  Petition 2 [1-6].  In February 2021, Gospel Light made a claim for property damage resulting from a winter storm under this policy, and OCIC assigned Kendall Jones to adjust the claim.  *Id.* at 3.  OCIC made several payments pursuant to the insurance policy, but ultimately determined that Gospel Light was underinsured on both a replacement cost and an actual cash value basis.  *Id.* at 4–5.

In July 2023, Gospel Light brought suit against OCIC, Farmers General, and Jones in Texas state court alleging breach of contract, violations of the TIC, breach of the duty of good faith and fair dealing, violations of the Texas DTPA[1], negligence, negligent misrepresentation, and breach of fiduciary duty.  *Id.* at 6–11.  Gospel Light alleges that OCIC's payments were less than it was entitled to under its property insurance policy, in part due to Farmers General's misrepresentations of Gospel Light's insurance policy.  *Id.*  Alternatively, Gospel Light claims that Farmers General, acting as OCIC's agent, negligently undervalued the property or negligently failed to notify Gospel Light that the property was underinsured.  *Id.*  OCIC and Farmers General removed the case to this Court.  Notice of Removal [1].  Subsequently, the Court dismissed all claims against Jones with prejudice and abated the lawsuit pursuant to the policy's appraisal clause.  *See* Order (March 19, 2024) [19].  Farmers General seeks dismissal of all of Gospel Light's claims against it.

---

[1] Codified at TEX. BUS. & COM. CODE § 17.40, *et seq.*

MEMORANDUM OPINION & ORDER – PAGE 2

## II. R<small>ULE</small> 12(<small>B</small>)(6) L<small>EGAL</small> S<small>TANDARD</small>

When deciding a Rule 12(b)(6) motion to dismiss, a court must determine whether the plaintiff has asserted a legally sufficient claim for relief. *Blackburn v. City of Marshall*, 42 F.3d 925, 931 (5th Cir. 1995). "When reviewing a motion to dismiss, a district court must consider the complaint in its entirety, as well as . . . documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Funk v. Stryker Corp.*, 631 F.3d 777, 783 (5th Cir. 2011) (internal quotation marks omitted). A viable complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). To meet this "facial plausibility" standard, a plaintiff must "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A court generally accepts well-pleaded facts as true and construes the complaint in the light most favorable to the plaintiff. *Gines v. D.R. Horton, Inc.*, 699 F.3d 812, 816 (5th Cir. 2012). But a court does not accept as true "conclusory allegations, unwarranted factual inferences, or legal conclusions." *Ferrer v. Chevron Corp.*, 484 F.3d 776, 780 (5th Cir. 2007). A plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (internal citations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* (internal citations omitted).

### III. THE COURT GRANTS THE MOTION TO DISMISS IN PART

#### *A. Rule 9(b) Does Not Apply to Gospel Light's Claims*

Farmers General argues that Gospel Light's claims all involve allegations of fraud Def.'s Reply 6 [14], and are therefore subject to Rule 9(b), which requires a plaintiff to plead allegations of fraud or mistake with particularity. *See* FED. R. CIV. P. 9(b) ("In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake."). This Court has previously held that "Rule 9(b)'s stringent pleading requirements should not be extended to causes of action not enumerated therein." *Abbey on Preston H.O.A. v. Admiral Insurance Company*, 2013 WL 12137742, at *2 (N.D. Tex. 2013) (quoting *Am. Realty Trust, Inc. v. Hamilton Lane Advisors, Inc.*, 115 F. App'x. 662, 668 (5th Cir. 2004) and citing *Gen. Elec. Capital Corp. v. Posey*, 415 F.3d 391, 396–97 (5th Cir. 2005)); s*ee also Recovery Res. Couns. v. ACE Am. Ins. Co.*, 2018 WL 3548912, at *2–3 (N.D. Tex. 2018). Following that logic, the Court also held that "a motion to dismiss under Rule 9(b) can result in the dismissal of claims other than fraud only in extraordinary circumstances." *Abbey*, 2013 WL 12137742, at *2. Rather, the following analysis applies:

> Where averments of fraud are made in a claim in which fraud is not an element, an inadequate averment of fraud does not mean that no claim has been stated. The proper route is to disregard averments of fraud not meeting Rule 9(b)'s standard and then ask whether a claim has been stated.

*Id.* (quoting *Lone Star Ladies Inv. Club v. Schlotzky's, Inc.*, 238 F.3d 363, 368 (5th Cir. 2001)).

MEMORANDUM OPINION & ORDER – PAGE 4

Farmers General correctly notes that some courts apply Rule 9(b) to DTPA claims where the DTPA claims depend on the same set of facts that support a fraud claim. *Abbey*, 2013 WL 12137742, at *2; *see also, e.g., Ranzy v. Extra Cash of Tex., Inc.*, 2011 WL 6719881, at *4–5 (S.D. Tex. 2011) ("There are cases that have applied Rule 9(b)'s heightened specificity requirements to claims under the DTPA, but in those cases the underlying claims involved fraud." (citations omitted)). However, although misrepresentation is an element of Gospel Light's DTPA, TIC,[2] and negligent misrepresentation claims, fraud is not. *See generally* TEX. BUS. & COMM. CODE § 17.46(b)(5), (7), (12); TEX. INS. CODE § 541.061; *Fed. Land Bank Ass'n of Tyler v. Sloane*, 825 S.W.2d 439, 442 (Tex. 1991). Gospel Light does not allege intentional misrepresentations. Rule 9(b) therefore does not govern the claims. *See Abbey*, 2013 WL 12137742, at *2; *see also Kennard v. Indianapolis Life Ins. Co.*, 420 F. Supp. 2d 601, 609 (N.D. Tex. 2006) (declining to apply Rule 9(b) where plaintiff did not allege fraud); *Crown Distrib. LLC v. Peacefull Choice Distribution LLC*, 2023 WL 9181583, at *8 (N.D. Tex. 2023), report and recommendation adopted, 2024 WL 628853 (N.D. Tex. 2024) (noting that DPTA claims alleging "intentionally deceptive actions" are subject to 9(b)). Rule 9(b) similarly does not govern the negligence and breach of fiduciary duty claims — Gospel Light alleges neither fraud nor misrepresentations in relation to those claims. *See* Petition

---

[2] It is not clear from the Petition or Gospel Light's response to the instant motion whether Gospel Light intends to proceed with its TIC claim against Farmers General. *See* Pl.'s Resp. at 5–6 [12] (listing the ways it contends Farmers General violated the Texas DTPA but stating that Farmers was otherwise not included in it's TIC claims). To the extent Gospel Light attempts to assert a TIC claim against Farmers General, it has failed to state the claim with sufficient factual specificity to survive a 12(b)(6) motion to dismiss.

MEMORANDUM OPINION & ORDER – PAGE 5

13–15.  Accordingly, the Court applies the Rule 8(a) pleading standard to Gospel Light's claims.

### B. Gospel Light Failed to State a Claim Under the Texas DTPA

To succeed on a Texas DTPA claim, a plaintiff must prove that: "'(1) the plaintiff was a consumer; (2) the defendant either engaged in false, misleading, or deceptive acts . . . or engaged in an unconscionable action or course of action; and (3) the [Texas DTPA's] laundry-list violation or unconscionable action was a producing cause of the plaintiff's injury.'"  *Huynh v. Walmart Inc.*, 30 F.4th 448, 453 (5th Cir. 2022) (quoting *Bus. Staffing, Inc. v. Jackson Hot Oil Serv.*, 401 S.W.3d 224, 236 (Tex. App.—El Paso 2012, pet. denied)); *Doe v. Boys Clubs of Greater Dall., Inc.*, 907 S.W.2d 472, 478 (Tex. 1995).  A "consumer" is "an individual . . . who seeks or acquires by purchase or lease, any goods or services."  TEX. BUS. & COM. CODE § 17.45(4).  "Services" includes a "service purchased or leased for use, including services furnished in connection with the sale or repair of goods."  *Id.* § 17.45(2).  There is no dispute that Gospel Light, a purchaser of an insurance policy, may be a consumer under the DTPA because that insurance policy qualifies as service purchased for use.  However, Farmers General argues that Gospel Light's DTPA claim fails because Gospel Light failed to plead a misrepresentation of a specific policy provision as required by the Texas DTPA.  Mot. to Dismiss at 9.  Instead, it asserts that Gospel Light parrots the elements of the DTPA, and "inserts the named Defendants' within the statutory language."  *Id.* at 10.  The Court agrees.

The extent of Plaintiff's factual allegations regarding Farmers General's conduct are as follows: Plaintiff purchased property insurance from OCIC through Farmers General

MEMORANDUM OPINION & ORDER – PAGE 6

in 2015; "Gospel Light asked that [Farmers General] procure full replacement cost coverage for the Property;" such coverage was renewed each year including 2021; at each renewal, Farmers General "conducted a valuation of the property upon which the insured-relied in order to determine the amount of coverage to purchase;" and Farmers General represented to Gospel Light that it's property was "properly valued and insured at the coverage limits suggested and provided," when it was not insured to value. Petition at 2–3. The Petition later recites the language of sections 17.46(b)(5), (7), and (12). *Id.* at 8. Contrary to Gospel Light's contentions, it does not plead its DTPA claim with enough specificity to survive a motion to dismiss. The Court cannot use conclusory statements or recitations of law to determine whether a cause of action is plausible. Gospel Light must plead misrepresentation of a specific policy provision, rather than a vague statement regarding the sufficiency of its insurance, to state a claim under the Texas DTPA. *See Vaughan v. State Farm Lloyds*, 2015 WL 13134509, at * 2 (W.D. Tex. 2015) (dismissing Plaintiff's Texas DTPA claim because "Plaintiff only allege[d] that [the insurance agent] assured him that he was "adequately insured,'" rather than a misrepresentation of a specific policy provision); *accord Sohmer v. Am. Med. Sec., Inc.*, 2002 WL 31323763, at *2 (N.D. Tex. 2002) *see also Wyly v. Integrity Ins. Sols.*, 502 S.W.3d 901, 908 (Tex. App.—Houston [14th Dist.] 2016, no pet.) (collecting cases finding that representations of "full coverage" under an insurance policy are not specific misrepresentations under the DTPA). Because Gospel Light has not done so, the Court dismisses the Texas DTPA claim without prejudice.

### *C. Gospel Light Failed to State a Claim for Negligent Misrepresentation*

Similarly, Gospel Light failed to state a claim for negligent misrepresentation. To prevail on a claim for negligent misrepresentation under Texas law, a plaintiff must show: "(1) the defendant made a representation in the course of his business, or in a transaction in which he has a pecuniary interest, (2) the defendant supplied false information for the guidance of others in their business, (3) the defendant did not exercise reasonable care or competence in obtaining or communicating information, and (4) the plaintiff suffered pecuniary loss by justifiably relying on the representation." *McKinney/Pearl Rest. Partners, L.P. v. Metro Life Ins. Co.*, 241 F.Supp.3d 737, 768 (N.D. Tex. 2017) (citing *Fed. Land Bank Ass'n of Tyler*, 825 S.W.2d at 442). Gospel Light does not allege a misrepresentation with enough specificity to support this claim.

Farmers General argues that "claims arising from assurances that a plaintiff was 'adequately insured,' or alleged misrepresentations that a plaintiff was 'covered by such peril,' generally are not actionable under Texas law," and thus Gospel Light has failed to state a claim. Mot. to Dismiss at 10 (quoting *Vaughan*, 2015 WL 13134509, at *2–3). Further, Farmers General asserts that "Plaintiff does not allege the value of its property, or whether (or why) it disagrees with the value," to support its misrepresentation allegation, just that "'to the extent the property was underinsured,' it seeks to recover against Farmers." Mot. to Dismiss at 11 (quoting Petition at 6). Unlike Texas DTPA claims, negligent misrepresentation claims do not require a misrepresentation of a specific policy provision. *See Vaughan*, 2015 WL 13134509, at *2. However, a plaintiff must plead "more than labels and conclusions, and a formulaic recitation of the elements of a cause of

MEMORANDUM OPINION & ORDER – PAGE 8

action will not do." *Twombly*, 550 U.S. at 555 (internal citations omitted). Plaintiffs must allege a specific misrepresentation to state a negligent misrepresentation claim. *Vizza Wash, LP v. Nationwide Mut. Ins. Co.*, 496 F. Supp. 3d 1029, 1036 (W.D. Tex. 2020) (quoting *also Wyly*, 502 S.W.3d at 908 ("Indeed, '[a]bsent an affirmative misrepresentation, [an insured's] mistaken belief about the scope of coverage is not actionable under the DTPA, [] the Texas Insurance Code' or as a claim for negligent misrepresentation.")).

Gospel Light's allegations regarding its negligent misrepresentation claim (*e.g.,* Farmers General "negligently misrepresented that it would obtain sufficient insurance for Plaintiff to cover the property") lack the requisite factual specificity to survive at the motion to dismiss stage. Because Gospel Light has not pled sufficient factual allegations in its Petition to survive a Rule 12(b)(6) motion, the Court dismisses the negligent misrepresentation claim without prejudice.

### D. Gospel Light Stated a Claim for Negligence

Gospel Light's Petition includes facts sufficient to state a claim for negligence. Under Texas law, to establish common law negligence a plaintiff must show: "(1) a legal duty; (2) a breach of that duty; and (3) damages proximately resulting from the breach." *Elephant Ins. Co., LLC v. Kenyon*, 644 S.W.3d 137, 144 (Tex. 2022) (citing *Praesel v. Johnson*, 967 S.W.2d 391, 394 (Tex. 1998)). Although Gospel Light's petition lacks express allegations that Farmers General owed Gospel Light a duty in relation to its

negligence claim,[3] Gospel Light does allege that it purchased property insurance through Farmers General and requested full replacement coverage. Petition at 2–3. Insurance agents and brokers in Texas owe certain legal duties to insureds. *See Harding v. Higginbotham Ins. Agency, Inc.*, 2017 WL 11510643, at *2 (N.D. Tex. 2017) (quoting *May v. United Services Ass'n of Am.*, 844 S.W.2d 666, 669 (Tex. 1992)) ("It is established in Texas that an insurance agent who undertakes to procure insurance for another owes a duty to a client to use reasonable diligence in attempting to place the requested insurance and to inform the client promptly if unable to do so."). On these facts, the Court may reasonably infer the existence of a duty here. *See Iqbal*, 556 U.S. at 678.

Moreover, Gospel Light pled facts that plausibly establish breach of duty and damages caused by such a breach. In order to establish a breach of a common law duty of an insurance agent, "a plaintiff must be able to show that he requested a specific type of insurance that the agent did not provide in accordance with the plaintiff's expectations or that the plaintiff was wrongly led to believe that his policy provided protection against a particular risk that it did not." *Harding*, 2017 WL 11510643, at *2. Gospel Light has alleged that its property was purportedly underinsured by $1,370,268.30 for replacement cost and $521,472 on a cash value basis, Petition at 5, as well as that Farmers General never informed Gospel Light of increases to valuation of the property over the five years it issued

---

[3] Plaintiffs' response brief specifies that "Farmers was an insurance agency who undertook the duty of valuation of Plaintiff's Property." Pl.'s Resp. 7. The Court declines to consider any allegations not included in the Petition. *See Sunderland v. Chavez*, 2023 WL 2185713, at *5 n.5 (N.D. Tex. 2023) ("A party cannot supplement his pleadings in his response to a motion to dismiss.").

MEMORANDUM OPINION & ORDER – PAGE 10

Gospel Light's insurance coverage. *Id.* at 3. On the facts alleged, Gospel light contends Farmers General failed to "exercise reasonable care or competence in the placing and the underwriting of Plaintiffs policy; accessing the replacement values and actual cost values of the property; and in communicating with Gospel Light concerning these matters." *Id.* at 13. Gospel Light also alleges that Farmers General failed "to adequately supervise and train their agents and employees that were involved in obtaining the subject policy for Plaintiff." *Id.* The Petition states that Farmers General's actions proximately caused Gospel Light's damages resulting from the alleged undervaluation of Gospel Light's property. *Id.* at 11–14.

The facts alleged in the Petition are sufficient to plausibly establish a claim for negligence. A plaintiff need not plead "detailed factual allegations" in order to survive a motion to dismiss. *Twombly*, 550 U.S. at 555. Rather, a plaintiff must only plead enough facts to show that the plaintiff is entitled to relief. FED. R. CIV. P. 8(a)(2). Thus, the Court determines here that Gospel Light has pled enough facts to state a claim for relief on the basis of negligence. Accordingly, the Court denies the motion to dismiss with regard to Gospel Light's negligence claims.

### E. Gospel Light Failed to State a Claim for Breach of Fiduciary Duty

To state a claim for a breach of fiduciary duty, a plaintiff must show: "(1) the existence of a fiduciary duty, (2) breach of the duty, (3) causation, and (4) damages." *First United Pentecostal Church of Beaumont v. Parker*, 514 S.W.3d 214, 220 (Tex. 2017) (citing *ERI Consulting Eng'rs, Inc. v. Swinnea*, 318 S.W.3d 867, 873 (Tex. 2010); *Jones v. Blume*, 196 S.W.3d 440, 447 (Tex. App.—Dallas 2006, pet. denied)). Texas recognizes

MEMORANDUM OPINION & ORDER – PAGE 11

both formal and informal fiduciary relationships. *Navigant Consulting, Inc. v. Wilkinson*, 508 F.3d 277, 283 (5th Cir. 2007). No formal fiduciary relationship exists here — the relationship between an insurance agent and their client is not a formal fiduciary relationship under Texas law. *Aspen Specialty Ins. Co. v. Muniz Eng'g, Inc.*, 514 F. Supp. 2d 972, 983 (S.D. Tex. 2007); *Wayne Duddlesten, Inc. v. Highland Ins. Co.*, 110 S.W.3d 85, 96 (Tex. App.—Houston [1st Dist.] 2003, pet. denied). Informal fiduciary relationships "'may arise where one person trusts in and relies upon another, whether the relationship is a moral, social, domestic, or purely personal one.'" *Navigant Consulting, Inc.*, 508 F.3d at 283 (quoting *Jones*, 196 S.W.3d at 449). "To impose an informal fiduciary duty in a business transaction, however, 'the special relationship of trust and confidence must exist prior to, and apart from, the agreement made the basis of the suit.'" *Hitchcock Indep. Sch. Dist. v. Arthur J. Gallagher & Co.*, 2021 WL 1095320, at *4 (S.D. Tex. 2021), report and recommendation adopted, 2021 WL 1092538 (S.D. Tex. 2021) (quoting *Associated Indem. Corp. v. CAT Contracting, Inc.*, 964 S.W.2d 276, 288 (Tex. 1998)). The facts alleged in the petition do not plausibly establish the existence of an informal fiduciary relationship between Gospel Light and Farmers General. Thus, Gospel Light's breach of fiduciary duty claim fails.

Gospel Light's allegations regarding the existence of a fiduciary relationship are as follows: "Farmers General had a special relationship with Plaintiff and owed it a fiduciary duty;" "Plaintiff relied upon its insurance agent, Farmers General, concerning its insurance needs for its properties;" "Farmers General became very familiar with Plaintiff's properties and its insurance needs;" "Plaintiff relied upon its relationship with Farmers General and

MEMORANDUM OPINION & ORDER – PAGE 12

their advice concerning Plaintiff's insurance needs;" and "Farmers General had an ongoing fiduciary duty concerning Plaintiff's insurance needs . . . ." Petition at 14. Conclusory allegations that a special relationship or fiduciary duty existed will not suffice. *Ferrer*, 484 F.3d at 780. Moreover, vague statements regarding Farmers General's familiarity with Gospel Light's insurance needs and Gospel Light's unspecified reliance on Farmers General are insufficient to plausibly allege an informal fiduciary duty under Texas law. *EC & SM Guerra, LLC v. Philadelphia Indem. Ins. Co.*, 2020 WL 6205855, at *4 (W.D. Tex. 2020) (quoting *Wayne Duddlesten, Inc. v. Highland Ins. Co.*, 110 S.W.3d 85, 96 (Tex. App.—Houston [1st Dist.] 2003, pet. denied)) ("Establishing the existence of an informal fiduciary relationship requires more than prior dealings and 'subjective trust by one party in another.'"). Thus, Gospel Light failed to state a claim for breach of fiduciary duty.

## CONCLUSION

Because Gospel Light has not adequately pled its claim for relief against Farmers General for a violation of the DTPA, violation of the TIC, negligent misrepresentation, or breach of fiduciary duty, the Court dismisses those claims without prejudice. The Court denies the motion to dismiss as to Gospel Light's negligence claim. The Court grants Gospel Light leave to amend its complaint within thirty (30) days of the date of this Order. If Gospel Light does not so amend, the Court will dismiss its DTPA, TIC, negligent misrepresentation, and breach of fiduciary duty claims with prejudice without further notice.

Signed July 25, 2024.

_____
David C. Godbey
Chief United States District Judge